IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| RHONDA BOYETTE, | ) |
| Plaintiff | ) |
| v. | ) CASE NO. 5:19-cv-01802-HNJ |
| MARCUS ADAMS, | ) |
| Defendant. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff Rhonda Boyette complains of defendant, stating as follows:

### Parties

1.   Rhonda Boyette is of legal age and a U.S. citizen. At the time of the incident she was residing in Hartselle, Alabama.

2.   Defendant Marcus Adams was employed by the City of Madison as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama.  He is sued in his individual capacity.

### Facts

3.   On or about December 19, 2018, defendant Adams, in his capacity as an investigator with the Madison Police Department, arrested Boyette without a warrant and without probable cause and booked her into the Madison County Jail.

4.   Boyette bonded out.

5. Defendant arrested Boyette on two counts of felony child abuse under Alabama Code § 26-15-3, which provides as follows: "A responsible person, as defined in Section 26-15-2, who shall **torture, willfully abuse, cruelly beat, or otherwise willfully maltreat** any child under the age of 18 years shall, on conviction, be guilty of a Class C felony" (emphasis added).

6. In fact, defendant caused Boyette to be arrested **twice**.

7. After arresting Boyette and booking her into the Madison County Jail, defendant realized or was informed that he filed the charges in the wrong county, as Boyette lived in Limestone County.

8. Rather than having the case transferred to Limestone County or otherwise taking steps so that Boyette would not have to go to jail and bond out a second time, defendant, on or about April 12, 2019, caused an arrest warrant for Boyette to be issued in Limestone County, Alabama.

9. Defendant intentionally misrepresented incriminating facts to a magistrate and intentionally failed and refused to disclose exculpatory facts (as explained below) and thereby caused a warrant to be issued for Boyett's arrest and caused Boyette to be arrested a second time, despite the absence of probable cause.

10. Boyette was taken into custody on or about April 12, 2019, and forced to bond out again, this time from the Limestone County Jail.

11. At the preliminary hearing on May 31, 2019, Limestone County District Judge Matthew Huggins, reviewing the same evidence purportedly relied upon by defendant Adams, found there was no probable cause for the charges and dismissed them. *See* Exhibit A (attached).

12. The evidence, including a medical examination and an interview of plaintiff's son, showed there was no abuse.

13. Further, Adams intentionally failed and refused to follow standard procedures regarding the matter.

14. Rather than have the case reviewed by the local multi-disciplinary team and then, if the team believed there was probable cause, presented to a grand jury, Adams acted on his own.

15. Defendant Adams not only acted on his own; he intentionally manufactured probable cause.

16. Defendant Adams refused to interview any of the many witnesses who were available to confirm that Boyette never abused her son.

17. Defendant Adams knew the charges were likely related to an ongoing "high conflict" custody dispute between Boyette and her son's father.

18. Because the charges arose from a "high conflict" custody situation, defendant Adams had an even higher duty to investigate.

19. Rather than investigate, Adams manufactured probable cause.

20. In bringing the charges, defendant Adams falsely represented that the son accused Boyette of beating him and leaving bruises on the son's hip and lower back. In fact, the son denied any abuse, saying multiple times he had only been "spanked" (without injury) on his butt with a small paddle. The medical examination confirmed there was no abuse.

21. The consequences of the false arrest have been terrible for Boyette and included, but were not limited to, being placed on administrative leave from her job as a bus driver for special education students. Boyette's ex-husband even used the arrests and criminal charges to get a protection from abuse order against plaintiff (since dissolved) and to seek a modification of the custody order.

### Count I - 42 U.S.C. § 1983 - Illegal Seizure / False Arrest

22. On or about December 19, 2018, defendant Adams, acting under color of law within the meaning of 42 U.S.C. § 1983, seized Boyette without probable cause, thereby depriving Boyette of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendant violated Boyette's right to be free from unlawful seizure.

23. Defendant acted with malice or reckless indifference to Boyette's constitutional rights.

24. As a result of the conduct of defendant, Boyette has been caused to suffer emotional injuries and damages and has been caused to incur expenses, including

attorney's fees and other costs of litigation.

### Count II - 42 U.S.C. § 1983 - Illegal Seizure / False Arrest

25. On or about April 12, 2019, defendant Adams, acting under color of law within the meaning of 42 U.S.C. § 1983, by intentionally misrepresenting incriminating facts to a magistrate and intentionally failing and refusing to disclose exculpatory facts, caused a warrant to be issued for Boyette and caused Boyette to be arrested, despite the absence of probable cause, thereby depriving Boyette of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, defendant violated Boyette's right to be free from unlawful seizure.

26. Defendant acted with malice or reckless indifference to Boyette's constitutional rights.

27. As a result of the conduct of defendant, Boyette has been caused to suffer emotional injuries and damages and has been caused to incur expenses, including attorney's fees and other costs of litigation.

### Count III - State Law - False Arrest / False Imprisonment

28. On or about December 19, 2018, defendant Adams seized Boyette without probable cause.

29. The conduct of defendant was either negligent, wanton, malicious, willful, or in bad faith.

30. As a result of the conduct of defendant, Boyette has been caused to suffer emotional injuries and damages and has been caused to incur expenses, including attorney's fees and other costs of litigation.

### Count IV - State Law - False Arrest / False Imprisonment

31. On or about April 12, 2019, defendant Adams, by intentionally misrepresenting incriminating facts to a magistrate and intentionally failing and refusing to disclose exculpatory facts, caused a warrant to be issued for Boyette and caused Boyette to be arrested, despite the absence of probable cause.

32. The conduct of defendant was either negligent, wanton, malicious, willful, or in bad faith.

33. As a result of the conduct of defendant, Boyette has been caused to suffer emotional injuries and damages and has been caused to incur expenses, including attorney's fees and other costs of litigation.

### Other Matters

34. All conditions precedent to the bringing of this suit have occurred.

### Relief Sought

35. As relief, plaintiff seeks the following:

    a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

    b. That plaintiff be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence

plaintiff is entitled to recover;

a. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

b. That plaintiff be awarded the costs of this action, plaintiff's reasonable attorney's fees, and plaintiff's reasonable expert witness fees;

e. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated: January 3, 2020.**

Respectfully submitted,

/s Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

s/ Henry F. (Hank) Sherrod III